NOT FOR PUBLICATION [Dkt. No. 1]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

RICHARD BANKS, TAMEEKA BANKS,

Plaintiffs,

v.

REID ADLER, LAJUANA MORTON, O'LUBUNMI ADESEHINWA,

Defendants.

Civil No. 15-8311 (RMB/AMD)

**OPINION**

**BUMB**, United States District Judge:

This matter comes before the Court upon the initiation of this matter by Plaintiffs Richard and Tameeka Banks (the "Plaintiffs"), who seek to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915(a).  When a non-prisoner seeks permission to file a civil complaint in forma pauperis under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his or her assets and attests to the applicant's inability to pay the requisite fees.  See 28 U.S.C. § 1915(a); Roy v. Penn. Nat'l Ins. Co., No. 14-4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (citations omitted).  The decision whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit.  See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976).  Having reviewed the Plaintiffs' application, the Court

hereby **GRANTS** Plaintiffs' application to proceed in forma pauperis.  The Court now proceeds to screening pursuant to 28 U.S.C. § 1915(e)(2).

**I.    BACKGROUND**

Plaintiffs' allegations are fairly straightforward.  On or around November 20, 2015, Defendant O'Lubunmi Adesehinwa, a worker for Child Protection and Permanency ("CP&P"), arrived at Plaintiffs' residence to investigate an abuse claim.[1]  (Compl. at 3.)  Defendant Adesehinwa placed in his report that an officer claimed Plaintiff Tameeka Banks was in possession of an empty bottle of Oxycontin that had been filled two days prior.  The report also indicated that Plaintiffs were involved in two instances of domestic violence.  Plaintiffs dispute the veracity of the report and allege that "Mr. Adesehinwa falsified his report and submitted it."  (Id.)

The following day, presumably based upon the report filed by Mr. Adesehinwa, Plaintiffs allege that Defendant LaJuanna Morton "kick[ed Plaintiff Tameeka Banks] out of the home" and suspended all visitation with her and Plaintiff Richard Banks' son.  Defendant Morton told Plaintiff Richard Banks that she was acting under the authority of Deputy Attorney General Reid

---

[1] Plaintiffs refer to this person as a DYFS worker, short for Division of Youth and Family Services.  DYFS is the former acronym regarding what is now CP&P.

Adler, also a defendant in this matter. (Id.) Plaintiffs allege that Defendant Morton "further falsified anonymous calls into her record, and numerous reports . . . ." (Id.)

## II. STANDARD FOR SUA SPONTE DISMISSAL

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must preliminarily screen in forma pauperis filings, and must dismiss any filing that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

Federal Rule of Civil Procedure 8(a) requires that a complaint contain:

> (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

"[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 311 (3d Cir. 2009). However, in screening a complaint to verify whether it meets this standard, this Court is mindful of the requirement that pro se pleadings must be construed

3

liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. Ed 652 (1972).

### III. **ANALYSIS**

Applying the requisite liberal construction, the Court construes Plaintiffs' claims as ones for violation of their constitutional rights pursuant to 42 U.S.C. § 1983 and intentional infliction of emotional distress. Nevertheless, the Court declines to proceed through to the screening stage based on the scant nature of the allegations as they now stand.

At this juncture, the Court rules that Plaintiff has not stated plausible claims under Federal Rule of Civil Procedure 8(a). Indeed, absent further information, the Court is wary that Plaintiffs are utilizing this action as an end-run around state court proceedings meant to address the very facts Plaintiffs allege. As such, prior to permitting the Complaint to be filed and summons to be issued, Plaintiffs must amend to outline what, if any, state court proceedings on the topic transpired before and after the events outlined in the Complaint. The Court cautions the Plaintiffs that this Court may not serve as an appellate court to determinations made by state courts and may not re-evaluate issues that were previously decided.

As such, the Court will GRANT Plaintiffs' motion to proceed in forma pauperis. The Court additionally ADMINSITRATIVELY

4

TERMINATES this matter for thirty (30) days during which Plaintiffs may amend their allegations as outlined above to more fully describe the legal status and proceedings of their custody dispute with CP&P.

DATED: April 12, 2016

                                             <u>s/Renée Marie Bumb</u>
                                             RENÉE MARIE BUMB
                                             UNITED STATES DISTRICT JUDGE